UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 09 C 6160 |
| | ) | |
| | ) | Underlying Case No. 08-17148 and |
| DENTAL PROFILE, INC., et al., | ) | 08-17149 (Jointly Administered) |
| | ) | Chapter 11 |
| Debtors. | ) | |
| | ) | Hon. Marvin E. Aspen |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Appellants Dr. Husam Aldairi, Husgus, LLC, and Aya Dental, Ltd. filed a notice of appeal from the bankruptcy court's September 13, 2009, order granting creditor Nereida Mendez's motion for permission to conduct a Bankruptcy Rule 2004 examination of Dr. Aldairi and his various businesses. Presently before us is Mendez's motion to dismiss the appeal for lack of subject matter jurisdiction. For the reasons stated below, we grant the motion.[1]

I.  BACKGROUND

This appeal arises out of the Chapter 11 bankruptcy proceeding involving Dental Profile, Inc., et al. ("Debtors"), entities owned and controlled by Appellant Dr. Husam Aldairi. Debtors filed their bankruptcy petition under Chapter 11 on July 2, 2008. Creditor Nereida Mendez holds a significant claim against Debtors, the basis of which is a judgment for Mendez in a federal lawsuit. Mendez secured her $81,436.01 claim through a garnishment of Debtors' accounts. After receiving notice of this garnishment, Debtors filed for bankruptcy. As of the

---

[1] In addition, we deny Appellants' Motion to Strike Creditor Nereida Mendez's Response to Dr. Aldairi's Sur-Reply, Dkt. No. 52, as moot.

1

date of this opinion, Debtors remain in possession under Chapter 11. One reason Debtors remain in possession is that the U.S. Trustee objected to the reorganization plan, finding it not to be in good faith. (Sur-resp., Ex. 2.) The U.S. Trustee made this objection, in part, because the plan appeared to be a "vehicle for the personal profit of the debtor's owners" and did not seek to recover insider preference loans made to Aldairi by Debtors. (Surresp., Ex. 2 ¶¶ 15–16.)

On September 13, 2009, Bankruptcy Judge Jacqueline P. Cox granted a motion by Mendez to conduct a Federal Rule of Bankruptcy Procedure 2004 examination of the finances of Debtors, Aldairi and other entities. The order stated in relevant part: "It is hereby ordered that motion for permission to conduct a 2004 examination of Debtor's financial institutions and to issue subpoenas and obtain records concerning the property and financial affairs of Debtors; Dr. Husam Aldairi; Husgus, LLC; Aya Dental, Ltd.; and any other related business of Dr. Aldairi." (Reply, Ex. 1, 9/13/09 Order.) Mendez requested this order because Dr. Aldairi, Husgus, LLC; and Aya Dental, Ltd. (collectively, "Appellants") have continually refused to turn over requested financial information, despite Judge Cox's denial of their motion to stay enforcement of the September 13 order, and the instigation of contempt hearings against them. Now, Appellants have filed a notice of appeal of the September 13 order in this court. Upon this notice of appeal, Mendez filed a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

II.     STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) requires dismissal of claims over which the federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide," and must be conferred upon a federal court in order for it to hear a case or

controversy. *In re Chicago, Rock Island & Pacific R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986). In reviewing a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the court may look beyond the complaint to pertinent evidence submitted by the parties. *See United Transp. Union v. Gateway W. Ry. Co.,* 78 F.3d 1208, 1210 (7th Cir. 1996). A plaintiff faced with a properly supported 12(b)(1) motion to dismiss bears the burden of proving that the jurisdictional requirements have been met. *See Kontos v. U.S. Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987).

III.  ANALYSIS

Our jurisdiction over bankruptcy appeals is governed by statute. Relevant to this case, "[t]he district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees . . . and (3) with leave of the court, from other interlocutory orders and decrees . . . ." 28 U.S.C. § 158(a). From this jurisdictional grant, there appear to be three possible avenues of jurisdiction. First, Appellants argue that the bankruptcy court's order granting a Rule 2004 examination was a "final order" within the meaning of § 158(a)(1) and thus is appealable. Second, Appellants argue that if the order is not final, it falls within a narrow exception to the finality requirement known as the "collateral order" doctrine set out in *Cohen v. Beneficial Industrial Loan Corporation*, 337 U.S. 541, 61 S. Ct. 1221 (1941). Third, even if this appeal is not a "collateral order" under *Cohen*, we may grant leave[2] and accept jurisdiction over

---

[2] Mendez seems to assume that the absence of formal leave is dispositive of this case, either because "the court" in § 158(a)(3) refers to the bankruptcy court, (Reply ¶¶ 47–48), or because this court has not formally granted leave to appeal. However, the Seventh Circuit has held that "with the leave of the court" in § 158(a)(3) refers "obviously [to the] district court." *In re Jartran, Inc*., 886 F.2d 859, 866 (7th Cir. 1989). Furthermore, Federal Rule of Bankruptcy Procedure 8003 specifically allows a district court to consider a motion to appeal, taken improperly, without leave, as a motion for a leave to appeal and instructs that a district court denying such a motion "shall consider the notice of appeal as a motion for leave to appeal." Fed.

3

interlocutory bankruptcy appeals at our discretion, guided by the principles set forth by the Seventh Circuit.

A. September 13 Order Not Final

Finality in the bankruptcy context is "considerably more flexible than in an ordinary civil appeal." *Zedan v. Habash*, 529 F.3d 398, 402 (7th Cir. 2008) (quoting *In re Gould*, 977 F.2d 1038, 1040–41 & n.2 (7th Cir. 1992)). Analyzing the almost identical language of Section 158(d)(1), the Seventh Circuit determined that the test of finality "is whether an order resolves a discrete dispute that, but for the continuing bankruptcy, would have been a stand-alone suit by or against the trustee." *Zedan*, 529 F.3d at 402; *see also In re Rimsat, Ltd.*, 212 F.3d 1039, 1044 (7th Cir. 2000) ("Where an order terminates a discrete dispute that, but for the bankruptcy, would be a stand-alone suit . . . , the order will be considered final and appealable."). In the present case, the order granting leave to conduct a Rule 2004 examination in no way "resolves a discrete dispute" but is only a discovery order for information that will allow both sides to present evidence in the dispute.

Discovery orders, including those pursuant to Bankruptcy Rule 2004, have been considered interlocutory orders by the Seventh Circuit and other courts that have addressed this issue. In *Matter of Vance*, the Seventh Circuit held that an "order granting the trustee's motion for a Rule 2004 examination [wa]s not a final order." 165 F.3d 34 (Table), 1998 WL 783728, at *2 (7th Cir. Nov. 2, 1998). Many other cases in this circuit have also either expressly determined or simply assumed that discovery orders are interlocutory orders and proceeded to

---

R. Bankr. P. 8003©; *see Matter of Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1299 (7th Cir. 1997). Therefore, when analyzing our jurisdiction under Section 158(a)(1), we will consider the Appellants' motion to appeal as a motion for leave to appeal.

address whether they should be heard as interlocutory appeals. *See, e.g.*, *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 32 F.3d 1175, 1177 (7th Cir. 1994); *Reise v. Bd. of Regents of Uni. of Wis. Sys.*, 957 F.2d 293, 294–95(7th Cir. 1992); *Harrisonville Tel. Co. v. Ill. Commerce Comm'n*, 472 F. Supp. 2d 1071, 1080–81 (S.D. Ill. 2006).

Appellants attempt to distinguish *Matter of Vance* because the Rule 2004 examination in this case seeks information from not only the Debtors, but also Aldeiri and his various businesses. According to Appellants, by requiring Aldeiri to submit to this examination, the September 13 order "conclusively determine[s] substantive rights and issues in a discrete unit in the larger case." (Resp. at 4.) We disagree. The order does not "conclusively determine" anything, but merely seeks to compel information necessary to determine a critical issue in the underlying bankruptcy case—whether the Appellants are truly separate financial entities from the Debtor. The argument that "Appellants personal information is not in any way relevant to the Debtors acts, conduct, property, liability, financial conditions, or right to a discharge," (Resp. 4), misses the point. We do not know yet whether this information is relevant because it has not yet been made available for review.

This case seems to fall clearly with in the Seventh Circuit's distinction between a "discrete dispute" and a "discreet issue" in *In re Comdisco, Inc.*, when it denied an appeal under Section 158(a)(1) because the "ruling . . . fail[ed] to qualify as a separable dispute." 538 F.3d 647, 651 (7th Cir. 2008). Therefore, the discovery order in this case is not a final order for the purposes of Section 158(a)(1).

5

B.	September 13 Order Not a "Collateral Order"

In *Cohen v. Beneficial Industrial Loan Corporation*, the Supreme Court established that an appellate court may hear an appeal of an order "which finally determine[s] claims of right separate from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate jurisdiction be deferred until the whole case is adjudicated." 337 U.S. at 598–99, 69 S. Ct. at 1226; *see Fidelity Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co.*, 310 F.3d 537, 539 (7th Cir. 2002) ("Because an order compelling a lawyer to work without prospect of compensation is unrelated to the merits of the dispute, cannot be rectified at the end of the case, and has a potential to cause significant hardship, . . . the order is immediately appealable as a collateral order."). For many of the same reasons stated in the previous analysis, Appellants fail to meet this standard in the present case. Despite Appellants repeated assertions that the financial information "is not in any way relevant" to the bankruptcy case and "entirely separate" from the progress of the case, (Resp. 5, 7), we accept the finding of the bankruptcy judge to the contrary. Judge Cox, who is intimately acquainted with all of the facts in the case, determined that "Dr. Aldairi is an integral part of the affairs of these debtors," (Reply ¶ 27 (citing Tr. at 5, R. at 31)), and we see no reason to question that conclusion.

Furthermore, an "essential element of the collateral order doctrine" is that an "immediate appeal is required to ward off irreparable harm." *Matter of Devlieg, Inc.*, 56 F. 3d 32, 34 (7th Cir. 1995). Appellants argue that permitting the Bankruptcy Rule 2004 examinations will substantially and irreversibly affect their rights because it will allow federal discovery of information that may be relevant to a pending state case in Cook County attempting to pierce the

6

corporate veil of the Debtors. However, we agree with Judge Cox that no irreparable harm will result from allowing federal discovery, especially in light of the fact that in the federal bankruptcy action Mendez is pursuing adversary complaints of fraudulent transfers, insider preferences, and piercing the corporate veil. Accordingly, we find that the September 13 order is not a "collateral order," and thus we do not have jurisdiction under *Cohen* to hear the appeal.

    C.    September 13 Order Not an Appealable Interlocutory Order

Finally, we address whether the present appeal satisfies the requirements of an appealable interlocutory order. When evaluating discretionary interlocutory bankruptcy appeals, the standard set forth in 28 U.S.C. § 1292(b) for interlocutory appeals from the district court to the court of appeals is instructive. *See In re Automotive Prof'ls, Inc.*, 379 B.R. 746, 751 (N.D. Ill. 2007); *Trustee of Jartan, Inc. v. Winston & Strawn*, 208 B.R. 898, 900 (N.D. Ill. 1997). Section 1292(2) permits an interlocutory appeal when it "(1) involves a controlling question of law; (2) over which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see In re Capen Wholesale, Inc.,* 184 B.R. 547, 549 (N.D. Ill. 1995).

The September 13 Order fails all three prongs of this test. It is not a controlling issue of law because its resolution is not "quite likely to affect the outcome or the further course of litigation, even if it not certain to do so." *Trustees of Jartan*, 208 B.R. at 900-01 (citing *Sokaogon Gaming Enters. Corp. v. Tushie-Montgomery Assoc.*, 86 F.3d 656, 659 (7th Cir. 1996)). In fact, we cannot determine how the order and the consequent Bankruptcy Rule 2004 examination will affect the outcome of the litigation until the information sought by the order is produced.

With regard to the second element, the "substantial ground for difference of opinion" has been interpreted to require a "substantial likelihood . . . that the interlocutory order will be reversed on appeal." *Trustees of Jartan, Inc.*, 208 B.R. at 901. Because "almost all interlocutory appeals from discovery orders . . . end in affirmance (the district court possesses discretion, and review is deferential)," there is not a substantial likelihood of this order being overturned and not a substantial ground for difference of opinion. *Reise*, 957 F.2d at 295.

Finally, allowing an immediate appeal in this case would not "materially advance the ultimate termination" of the case, but would probably only delay the ultimate resolution. The financial information sought by the order addresses the history of transactions between Appellants and Debtor and offers insight into the independence of the parties. These facts seem to be the issue currently hindering the resolution of the case and the trustee's approval of reorganization. Allowing an appeal from this discovery order would only result in more delays and costs. Because Appellants' appeal does not meet any of the requirements of Section 1292(b), we decline to grant Appellants leave to appeal the September 13 Order, and as such, grant Mendez's motion to dismiss for lack of jurisdiction.

III. Conclusion

For the foregoing reasons, we grant Mendez's motion to dismiss this appeal for lack of subject matter jurisdiction.[3]

It is so ordered.

_____
Marvin E. Aspen
U.S. District Judge

Dated: February 1, 2009

---

[3] Mendez, in passing, requests that we grant her fees and costs, but she does not offer any legal argument or legal precedent to justify such a request. We deny this request.